IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T,
02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T[1]

(Judge George W. Miller)

CENCAST SERVICES, L.P. ET AL,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

AMENDED ANSWER AND COUNTERCLAIM IN NO. 02-1923 T

---

Defendant, the United States, by its attorneys, in answer to the complaint in Fed. Cl. No. 02-1923 T, and for its counterclaim, respectfully denies each and every allegation contained therein not expressly admitted below.

Defendant further:

1. Admits that the first and second sentences of paragraph 1 of the complaint set forth plaintiff's characterization of its cause of action, but denies that any amount is due from defendant to plaintiff. Admits that plaintiff filed claims for refund for the alleged overpayments of FICA and FUTA taxes on April 22, 2002, with respect to all four quarters of 1992, all four quarters of 1993, all four quarters of 1994, all four quarters of 1995, and all four quarters of 1996

---

[1]By order dated January 7, 2003, proceedings in these related cases were consolidated. The plaintiff in Fed. Cl. No. 02-1923 T is EP Talent Services, L.P.

(FICA) and for the calendar years 1992, 1993, 1994, 1995, and 1996 (FUTA) and admits that copies of the claims are attached to the complaint. Admits that the alleged claims for refund have been disallowed. States that defendant currently lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 1 of the complaint.

2. States that jurisdiction, if it exists, is founded upon 28 U.S.C. § 1491.

3-4. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 and 4 of the complaint.

5. Admits that plaintiff s employer identification number is 95-4339424 and states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the complaint.

6. Admits the allegations set forth in paragraph 6 of the complaint.

7. Admits that paragraph 7 of the complaint sets forth plaintiff's characterization of its cause of action, but denies that any amount is due and owing from defendant to plaintiff.

8. Admits the allegations set forth in paragraph 8 of the complaint, except denies that the returns, other than the FICA returns for the first and third quarters of 1992 and first and the third quarters of 1996, were timely filed.

9. Admits that the amounts of taxes assessed per the alleged returns were paid.

10. Admits the allegations set forth in paragraph 10 of the complaint, except denies that the returns were timely filed.

11. Admits that the amounts of taxes assessed per the alleged returns were paid.

12. Admits the allegations set forth in paragraph 12 of the complaint, except states that the alleged amounts of assessments of interest for the first quarter of 1992, fourth quarter of

1993, second and fourth quarters of 1994, first and second quarters of 1995, and first, second, and third quarters of 1996, consist of assessments of interest and reversals of overpayment interest.

13. Admits the allegations set forth in paragraph 13 of the complaint.

14. Admits the allegations set forth in paragraph 14 of the complaint, except states that the alleged payment was made on November 14, 2001, and exceeded the amount alleged.

15. Denies the allegations set forth in paragraph 15 of the complaint, except states that the assessments alleged in paragraph 12 of the complaint with respect to the second quarter of 1992 have been satisfied by the application of various credit transfers.

16. Denies the allegations set forth in paragraph 16 of the complaint, except states that an overpayment credit in the amount of $1,383.09 was applied with respect to plaintiff's FICA liability for the third quarter of 1992 on November 14, 2001.

17. Denies the allegations set forth in paragraph 17 of the complaint.

18. Admits the allegations set forth in paragraph 18 of the complaint, except states that the alleged payment was made on November 14, 2001, and exceeded the amount alleged.

19-21. Denies the allegations set forth in paragraphs 19-21 of the complaint.

22. Admits the allegations set forth in paragraph 22 of the complaint, except states that the alleged payment was made on November 14, 2001, and exceeded the amount alleged.

23-25. Denies the allegations set forth in paragraphs 23-25 of the complaint.

26. Admits the allegations set forth in paragraph 26 of the complaint, except states that the alleged payment was made on November 14, 2001, and exceeded the amount alleged.

27-29. Denies the allegations set forth in paragraphs 27-29 of the complaint.

30-33. Admits the allegations set forth in paragraphs 30-33 of the complaint, except states that the alleged payments were made on November 14, 2001.

34. Admits that during 2002 plaintiff filed claims for refund with respect to the alleged FICA liabilities.

35. Admits that the alleged claims for refund have been disallowed.

36-37. Admits the allegations set forth in paragraphs 36-37 of the complaint.

38-42. Admits the allegations set forth in paragraphs 38-42 of the complaint, except states that the alleged payments were made on November 14, 2001.

43. Admits that during 2002 plaintiff filed claims for refund with respect to the FUTA liabilities.

44. Admits that the alleged claims for refund have been disallowed.

COUNT ONE

45. Incorporates by reference its responses to paragraphs 1 through 44 of the complaint as if more fully set forth at length.

46-49. Denies the allegations set forth in paragraphs 46-49 of the complaint.

50. Admits the allegations set forth in the first sentence of paragraph 50 of the complaint and states that the remaining allegations set forth in paragraph 50 are legal argument to which no response is required.

52-52. States that the allegations set forth in paragraphs 51-52 are legal argument to which no response is required.

53. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified

paragraph 14 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 53 of the complaint. Denies the allegations set forth in the second sentence of paragraph 53 of the complaint.

54-56. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 54-56 of the complaint.

COUNT TWO

57. Incorporates by reference its responses to paragraphs 1 through 56 of the complaint as if more fully set forth at length.

58-61. Denies the allegations set forth in paragraphs 58-61 of the complaint.

62. Admits the allegations set forth in the first sentence of paragraph 62 of the complaint and states that the remaining allegations set forth in paragraph 62 are legal argument to which no response is required.

63-64. States that the allegations set forth in paragraphs 63-64 are legal argument to which no response is required.

65. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraph 15 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 65 of the complaint. Denies the allegations set forth in the second sentence of

paragraph 65 of the complaint.

66-68. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 66-68 of the complaint.

COUNT THREE

69. Incorporates by reference its responses to paragraphs 1 through 68 of the complaint as if more fully set forth at length.

70-73. Denies the allegations set forth in paragraphs 70-73 of the complaint.

74. Admits the allegations set forth in the first sentence of paragraph 74 of the complaint and states that the remaining allegations set forth in paragraph 74 are legal argument to which no response is required.

75-76. States that the allegations set forth in paragraphs 75-76 are legal argument to which no response is required.

77. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraph 16 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 77 of the complaint. Denies the allegations set forth in the second sentence of paragraph 77 of the complaint.

78-80. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 78-80 of the complaint.

COUNT FOUR

81. Incorporates by reference its responses to paragraphs 1 through 80 of the complaint as if more fully set forth at length.

82-85. Denies the allegations set forth in paragraphs 82-85 of the complaint.

86. Admits the allegations set forth in the first sentence of paragraph 86 of the complaint and states that the remaining allegations set forth in paragraph 86 are legal argument to which no response is required.

87-88. States that the allegations set forth in paragraphs 87-88 are legal argument to which no response is required.

89. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraph 17 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 89 of the complaint. Denies the allegations set forth in the second sentence of paragraph 89 of the complaint.

90-92. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 90-92 of the complaint.

COUNT FIVE

93. Incorporates by reference its responses to paragraphs 1 through 92 of the complaint as if more fully set forth at length.

94-97. Denies the allegations set forth in paragraphs 94-97 of the complaint.

98. Admits the allegations set forth in the first sentence of paragraph 98 of the complaint and states that the remaining allegations set forth in paragraph 98 are legal argument to which no response is required.

99-100. States that the allegations set forth in paragraphs 99-100 are legal argument to which no response is required.

101. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 18 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 101 of the complaint. Denies the allegations set forth in the second sentence of paragraph 101 of the complaint.

102-104. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 102-104 of the complaint.

COUNT SIX

105. Incorporates by reference its responses to paragraphs 1 through 104 of the complaint as if more fully set forth at length.

106-109. Denies the allegations set forth in paragraphs 106-109 of the complaint.

110. Admits the allegations set forth in the first sentence of paragraph 110 of the complaint and states that the remaining allegations set forth in paragraph 110 are legal argument to which no response is required.

111-112. States that the allegations set forth in paragraphs 111-112 are legal argument to

which no response is required.

113. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 19 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 113 of the complaint. Denies the allegations set forth in the second sentence of paragraph 113 of the complaint.

114-116. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 114-116 of the complaint.

COUNT SEVEN

117. Incorporates by reference its responses to paragraphs 1 through 116 of the complaint as if more fully set forth at length.

118-121. Denies the allegations set forth in paragraphs 118-121 of the complaint,

122. Admits the allegations set forth in the first sentence of paragraph 122 of the complaint and states that the remaining allegations set forth in paragraph 122 are legal argument to which no response is required.

123-124. States that the allegations set forth in paragraphs 123-124 are legal argument to which no response is required.

125. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 20 of the complaint, but denies that plaintiff was the common-law employer of those

employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 125 of the complaint. Denies the allegations set forth in the second sentence of paragraph 125 of the complaint.

126-128. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 126-128 of the complaint.

COUNT EIGHT

129. Incorporates by reference its responses to paragraphs 1 through 128 of the complaint as if more fully set forth at length.

130-133. Denies the allegations set forth in paragraphs 130-133 of the complaint.

134. Admits the allegations set forth in the first sentence of paragraph 134 of the complaint, and states that the remaining allegations set forth in paragraph 134 are legal argument to which no response is required.

135-136. States that the allegations set forth in paragraphs 135-136 are legal argurment to which no response is required.

137. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 21 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 137 of the complaint. Denies the allegations set forth in the second sentence of paragraph 137 of the complaint.

138-140. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 138-140 of the complaint.

COUNT NINE

141. Incorporates by reference its responses to paragraphs 1 through 140 of the complaint as if more fully set forth at length.

142-145. Denies the allegations set forth in paragraphs 142-145 of the complaint.

146. Admits the allegations set forth in the first sentence of paragraph 146 of the complaint and states that the remaining allegations set forth in paragraph 146 are legal argument to which no response is required.

147-148. States that the allegations set forth in paragraphs 147-148 are legal argurment to which no response is required.

149. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 22 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 149 of the complaint. Denies the allegations set forth in the second sentence of paragraph 149 of the complaint.

150-152. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 150-152 of the complaint.

COUNT TEN

153. Incorporates by reference its responses to paragraphs 1 through 152 of the complaint as if more fully set forth at length.

154-157. Denies the allegations set forth in paragraphs 154-157 of the complaint.

158. Admits the allegations set forth in the first sentence of paragraph 158 of the complaint, and states that the remaining allegations set forth in paragraph 158 are legal argument to which no response is required.

159-160. States that the allegations set forth in paragraphs 159-160 are legal argurment to which no response is required.

161. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 23 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 161 of the complaint. Denies the allegations set forth in the second sentence of paragraph 161 of the complaint.

162-164. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 162-164 of the complaint.

COUNT ELEVEN

165. Incorporates by reference its responses to paragraphs 1 through 164 of the complaint as if more fully set forth at length.

166-169. Denies the allegations set forth in paragraphs 166-169 of the complaint.

170. Admits the allegations set forth in the first sentence of paragraph 170 of the complaint and states that the remaining allegations set forth in paragraph 170 are legal argument to which no response is required.

171-172. States that the allegations set forth in paragraphs 171-172 are legal argument to which no response is required.

173. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 24 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 173 of the complaint. Denies the allegations set forth in the second sentence of paragraph 173 of the complaint.

174-176. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 174-176 of the complaint.

COUNT TWELVE

177. Incorporates by reference its responses to paragraphs 1 through 176 of the complaint as if more fully set forth at length.

178-181. Denies the allegations set forth in paragraphs 178-181 of the complaint.

182. Admits the allegations set forth in the first sentence of paragraph 182 of the complaint, and states that the remaining allegations set forth in paragraph 182 are legal argument to which no response is required.

183-184. States that the allegations set forth in paragraphs 183-184 are legal argument to

which no response is required.

185. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 25 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 185 of the complaint. Denies the allegations set forth in the second sentence of paragraph 185 of the complaint.

186-188. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 186-188 of the complaint.

COUNT THIRTEEN

189. Incorporates by reference its responses to paragraphs 1 through 188 of the complaint as if more fully set forth at length.

190-193. Denies the allegations set forth in paragraphs 190-193 of the complaint.

194. Admits the allegations set forth in the first sentence of paragraph 194 of the complaint and states that the remaining allegations set forth in paragraph 194 are legal argument to which no response is required.

195-196. States that the allegations set forth in paragraphs 195-196 are legal argument to which no response is required.

197. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1995 of the employees identified in paragraph 26 of the complaint, but denies that plaintiff was the common-law employer of those

employees in 1995; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 197 of the complaint. Denies the allegations set forth in the second sentence of paragraph 197 of the complaint.

198-200. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 198-200 of the complaint.

COUNT FOURTEEN

201. Incorporates by reference its responses to paragraphs 1 through 200 of the complaint as if more fully set forth at length.

202-205. Denies the allegations set forth in paragraphs 202-205 of the complaint.

206. Admits the allegations set forth in the first sentence of paragraph 206 of the complaint and states that the remaining allegations set forth in paragraph 206 are legal argument to which no response is required.

207-208. States that the allegations set forth in paragraphs 207-208 are legal argument to which no response is required.

209. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1995 of the employees identified in paragraph 27 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1995; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 209 of the complaint. Denies the allegations set forth in the second sentence of paragraph 209 of the complaint.

210-212. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 210-212 of the complaint.

COUNT FIFTEEN

213. Incorporates by reference its responses to paragraphs 1 through 212 of the complaint as if more fully set forth at length.

214-217. Denies the allegations set forth in paragraphs 214-217 of the complaint.

218. Admits the allegations set forth in the first sentence of paragraph 218 of the complaint, and states that the remaining allegations set forth in paragraph 218 are legal argument to which no response is required.

219-220. States that the allegations set forth in paragraphs 219-220 are legal argument to which no response is required.

221. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1995 of the employees identified in paragraph 28 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1995; states that defendant currently lacks knowledge or information sufficient to a belief as to the remaining allegations set forth in the first sentence of paragraph 221 of the complaint. Denies the allegations set forth in the second sentence of paragraph 221 of the complaint.

222-224. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 222-224 of the complaint.

COUNT SIXTEEN

225. Incorporates by reference its responses to paragraphs 1 through 225 of the complaint as if more fully set forth at length.

226-229. Denies the allegations set forth in paragraphs 226-229 of the complaint.

230. Admits the allegations set forth in the first sentence of paragraph 230 of the complaint and states that the remaining allegations set forth in paragraph 230 are legal argument to which no response is required.

231-232. States that the allegations set forth in paragraphs 231-232 are legal argument to which no response is required.

233. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1995 of the employees identified in paragraph 29 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1995; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 233 of the complaint. Denies the allegations set forth in the second sentence of paragraph 233 of the complaint.

234-236. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 234-236 of the complaint.

COUNT SEVENTEEN

237. Incorporates by reference its responses to paragraphs 1 through 236 of the complaint as if more fully set forth at length.

238-241. Denies the allegations set forth in paragraphs 238-241 of the complaint.

242. Admits the allegations set forth in the first sentence of paragraph 242 of the complaint and states that the remaining allegations set forth in paragraph 242 are legal argument to which no response is required.

243-244. States that the allegations set forth in paragraphs 243-244 are legal argument to which no response is required.

245. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1996 of the employees identified in paragraph 30 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1996; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 245 of the complaint. Denies the allegations set forth in the second sentence of paragraph 245 of the complaint.

246-248. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 246-248 of the complaint.

COUNT EIGHTEEN

249. Incorporates by reference its responses to paragraphs 1 through 248 of the complaint as if more fully set forth at length.

250-253. Denies the allegations set forth in paragraphs 250-253 of the complaint.

254. Admits the allegations set forth in the first sentence of paragraph 254 of the complaint and states that the remaining allegations set forth in paragraph 254 are legal argument to which no response is required.

255-256. States that the allegations set forth in paragraphs 255-256 are legal argument to

which no response is required.

257. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1996 of the employees identified in paragraph 31 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1996; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 257 of the complaint. Denies the allegations set forth in the second sentence of paragraph 257 of the complaint.

258-260. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 258-260 of the complaint.

COUNT NINETEEN

261. Incorporates by reference its responses to paragraphs 1 through 260 of the complaint as if more fully set forth at length.

262-265. Denies the allegations set forth in paragraphs 262-265 of the complaint.

266. Admits the allegations set forth in the first sentence of paragraph 266 of the complaint and states that the remaining allegations set forth in paragraph 266 are legal argument to which no response is required.

267-268. States that the allegations set forth in paragraphs 267-268 are legal argument to which no response is required.

269. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1996 of the employees identified in paragraph 32 of the complaint, but denies that plaintiff was the common-law employer of those

employees in 1996; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 269 of the complaint. Denies the allegations set forth in the second sentence of paragraph 269 of the complaint.

270-272. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 270-272 of the complaint.

COUNT TWENTY

273. Incorporates by reference its responses to paragraphs 1 through 272 of the complaint as if more fully set forth at length.

274-277. Denies the allegations set forth in paragraphs 274-277 of the complaint.

278. Admits the allegations set forth in the first sentence of paragraph 278 of the complaint and states that the remaining allegations set forth in paragraph 278 are legal argument to which no response is required.

279-280. States that the allegations set forth in paragraphs 279-280 are legal argument which no response is required.

281. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1996 of the employees identified in paragraph 33 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1996; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 281 of the complaint. Denies the allegations set forth in the second sentence of paragraph 281 of the complaint.

282-284. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 282-284 of the complaint.

COUNT TWENTY-ONE

285. Incorporates by reference its responses to paragraphs 1 through 284 of the complaint as if more fully set forth at length.

286-289. Denies the allegations set forth in paragraphs 286-289 of the complaint.

290. Admits the allegations set forth in the first sentence of paragraph 290 of the complaint and states that the remaining allegations set forth in paragraph 290 are legal argument to which no response is required.

291-292. States that the allegations set forth in paragraphs 291-292 are legal argument to which no response is required.

293. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraph 38 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 293 of the complaint. Denies the allegations set forth in the second sentence of paragraph 293 of the complaint.

294-297. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 294-297 of the complaint.

COUNT TWENTY-TWO

298. Incorporates by reference its responses to paragraphs 1 through 297 of the complaint as if more fully set forth at length.

299-302. Denies the allegations set forth in paragraphs 299-302 of the complaint.

303. Admits the allegations set forth in the first sentence of paragraph 303 of the complaint and states that the remaining allegations set forth in paragraph 303 are legal argument to which no response is required.

304-305. States that the allegations set forth in paragraphs 304-305 are legal argument to which no response is required.

306. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 39 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 306 of the complaint. Denies the allegations set forth in the second sentence of paragraph 306 of the complaint.

307-310. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 307-310 of the complaint.

COUNT TWENTY-THREE

311. Incorporates by reference its responses to paragraphs 1 through 310 of the complaint as if more fully set forth at length.

312-315. Denies the allegations set forth in paragraphs 312-315 of the complaint.

316. Admits the allegations set forth in the first sentence of paragraph 316 of the complaint and states that the remaining allegations set forth in paragraph 316 are legal argument to which no response is required.

317-318. States that the allegations set forth in paragraphs 317-318 are legal argument to which no response is required.

319. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 40 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 319 of the complaint. Denies the allegations set forth in the second sentence of paragraph 319 of the complaint.

320-323. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 320-323 of the complaint.

COUNT TWENTY-FOUR

324. Incorporates by reference its responses to paragraphs 1 through 323 of the complaint as if more fully set forth at length.

325-328. Denies the allegations set forth in paragraphs 325-328 of the complaint.

329. Admits the allegations set forth in the first sentence of paragraph 329 of the complaint and states that the remaining allegations set forth in paragraph 329 are legal argument to which no response is required.

330-331. States that the allegations set forth in paragraphs 330-331 are legal argument to

which no response is required.

332. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1995 of the employees identified in paragraph 41 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1995; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 332 of the complaint. Denies the allegations set forth in the second sentence of paragraph 332 of the complaint.

333-336. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 333-336 of the complaint.

COUNT TWENTY-FIVE

337. Incorporates by reference its responses to paragraphs 1 through 336 of the complaint as if more fully set forth at length.

338-341. Denies the allegations set forth in paragraphs 338-341 of the complaint.

342. Admits the allegations set forth in the first sentence of paragraph 342 of the complaint and states that the remaining allegations set forth in paragraph 342 are legal argument to which no response is required.

343-344. States that the allegations set forth in paragraphs 343-344 are legal argurment to which no response is required.

345. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1996 of the employees identified in paragraph 42 of the complaint, but denies that plaintiff was the common-law employer of those

employees in 1996; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 345 of the complaint. Denies the allegations set forth in the second sentence of paragraph 345 of the complaint.

346-349. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 346-349 of the complaint.

FIRST AFFIRMATIVE DEFENSE

350. States that plaintiff is estopped from contending that the statute of limitations barred the IRS from making the assessments described in plaintiff's complaint and referenced above.

SECOND AFFIRMATIVE DEFENSE

351. States that plaintiff ratified the consents executed with respect to the extensions of the statute of limitations for the assessments described in plaintiff's complaint and referenced above, with the result that the assessments were made within the appropriate statute of limitations.

COUNTERCLAIM

352. This counterclaim is brought at the request and authorization of the Chief Counsel of the Internal Revenue Service (as the delegate of the Secretary of the Treasury) and under the direction of the Chief of the Court of Federal Claims Section (as the delegate of the Attorney General) pursuant to the provisions of § 7401 of the Internal Revenue Code of 1986.

COUNT I

353. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of

$269,610.24 with respect to the quarter ending September 30, 1992.

354. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 353, above, in the amounts of $347,773.31 in accrued interest, $26,961.02 in failure to deposit penalties, and $53,922.05 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

355. Plaintiff, after the application of credits with respect to the assessments alleged in paragraphs 353 and 354, above, is liable to the defendant for the unpaid balances thereof in the amount of $696,883.53, plus additions thereto of penalties and interest accruing according to law.

COUNT II

356. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $358,345.67 with respect to the quarter ending December 31, 1992.

357. On August 27, 2001, the IRS assessed against plaintiff additions to tax with the FICA assessment alleged in paragraph 356, above, in the amounts of $446,658.99 in accrued interest, $35,834.57 in failure to deposit penalties, and $71,669.13 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

358. Plaintiff, with respect to the assessments alleged in paragraphs 356 and 357, above, is liable to the defendant for the unpaid balances thereof in the total amount of $912,508.36, plus additions thereto of penalties and interest accruing according to law.

COUNT III

359. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $23,700.02 with respect to the quarter ending March 31, 1993.

360. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 359, above, in the amounts of $28,559.68 in accrued interest, $2,370.00 in failure to deposit penalties, and $4,740.04 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

361. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 359 and 360, above, is liable to the defendant for the unpaid balances thereof in the total amount of $34,812.55, plus additions thereto of penalties and interest accruing according to law.

COUNT IV

362. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $113,575.90 with respect to the quarter ending June 30, 1993.

363. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 362, above, in the amounts of $132,087.67 in accrued interest, $11,357.59 in failure to deposit penalties, and $22,715.18 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

364. Plaintiff, with respect to the assessments alleged in paragraphs 362 and 363, above, is liable to the defendant for the unpaid balances thereof in the total amount of $279,736.34, plus additions thereto of penalties and interest accruing according to law.

COUNT V

365. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $331,131.42 with respect to the quarter ending September 30, 1993.

366. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect

to the FICA assessment alleged in paragraph 365, above, in the amounts of $371,419.36 in accrued interest, $33,113.14 in failure to deposit penalties, and $66,226.28 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

367. Plaintiff, with respect to the assessments alleged in paragraphs 365 and 366, above, is liable to the defendant for the unpaid balances thereof in the total amount of $801,890.20, plus additions thereto of penalties and interest accruing according to law.

COUNT VI

368. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $351,720.52 with respect to the quarter ending December 31, 1993.

369. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 368, above, in the amounts of $378,947.55 in accrued interest, $35,172.05 in failure to deposit penalties, and $70,344.10 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986, and reversed overpayment interest in the amount of $77.96.

370. Plaintiff, with respect to the assessments alleged in paragraphs 368 and 369, above, is liable to the defendant for the unpaid balances thereof in the total amount of $836,262.18, plus additions thereto of penalties and interest accruing according to law.

COUNT VII

371. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $37,028.66 with respect to the quarter ending March 31, 1994.

372. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 371, above, in the amounts of $38,601.13 in

accrued interest, $3,702.87 in failure to deposit penalties, and $7,405.73 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

373. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 371 and 372, above, is liable to the defendant for the unpaid balances thereof in the total amount of $65,774.97, plus additions thereto of penalties and interest accruing according to law.

COUNT VIII

374. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $131,497.58 with respect to the quarter ending June 30, 1994.

375. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 374, above, in the amounts of $131,677.75 in accrued interest, $13,149.76 in failure to deposit penalties, and $26,299.52 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986, and reversed overpayment interest in the amount of $1.09.

376. Plaintiff, with respect to the assessments alleged in paragraphs 374 and 375, is liable to the defendant for the unpaid balances thereof in the total amount of $302,625.70, plus additions thereto of penalties and interest accruing according to law.

COUNT IX

377. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $396,552.30 with respect to the quarter ending September 30, 1994.

378. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 377, above, in the amounts of $378,966.07 in

accrued interest, $39,655.23 in failure to deposit penalties, and $79,331.05 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

379. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 377 and 378 above, is liable to the defendant for the unpaid balances thereof in the total amount of $894,504.65, plus additions thereto of penalties and interest accruing according to law.

COUNT X

380. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $461,675.86 with respect to the quarter ending December 31, 1994.

381. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 380, above, in the amounts of $383,982.04 in accrued interest, $46,167.59 in failure to deposit penalties, and $92,335.17 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986, and reversed overpayment interest in the amounts of $20,179.72, $7.97, and $7,893.10

382. Plaintiff, with respect to the assessments alleged in paragraphs 380 and 381, is liable to the defendant for the unpaid balances thereof in the total amount of $1,012,241.45, plus additions thereto of penalties and interest accruing according to law.

COUNT XI

383. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $36,166.20 with respect to the quarter ending March 31, 1995.

384. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 383, above, in the amounts of $30,663.10 in

accrued interest, $3,616.62 in failure to deposit penalties, and $7,233.24 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986, and reversed overpayment interest in the amounts of $238.04 and $0.38.

385. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 383 and 384, above, is liable to the defendant for the unpaid balances thereof in the total amount of $52,624.97, plus additions thereto of penalties and interest accruing according to law.

COUNT XII

386. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $204,284.37 with respect to the quarter ending June 30, 1995.

387. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 386, above, in the amounts of $165,471.66 in accrued interest, $20,428.44 in failure to deposit penalties, and $40,856.97 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986, and reversed overpayment interest in the amount of $42.75.

388. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 386 and 387, above, is liable to the defendant for the unpaid balances thereof in the total amount of $431,084.19, plus additions thereto of penalties and interest accruing according to law.

COUNT XIII

389. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $433,593.67 with respect to the quarter ending September 30, 1995.

390. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 389, above, in the amounts of $331,784.76 in accrued interest, $43,359.37 in failure to deposit penalties, and $86,718.73 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

391. Plaintiff, with respect to the assessments alleged in paragraphs 389 and 390, is liable to the defendant for the unpaid balances thereof in the total amount of $895,456.53, plus additions thereto of penalties and interest accruing according to law.

COUNT XIV

392. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $499,327.66 with respect to the quarter ending December 31, 1995.

393. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 392, above, in the amounts of $360,091.18 in accrued interest, $49,932.77 in failure to deposit penalties, and $99,865.53 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

394. Plaintiff, with respect to the assessments alleged in paragraphs 392 and 393, above, is liable to the defendant for the unpaid balances thereof in the total amount of $1,009,217.14, plus additions thereto of penalties and interest accruing according to law.

COUNT XV

395. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $68,789.62 with respect to the quarter ending March 31, 1996.

396. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 395, above, in the amounts of $44,763.55 in

accrued interest, $6,878.96 in failure to deposit penalties, and $13,757.92 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986, and reversed overpayment interest in the amount of $1,462.89.

397. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 395 and 396, above, is liable to the defendant for the unpaid balances thereof in the total amount of $122,559.48, plus additions thereto of penalties and interest accruing according to law.

COUNT XVI

398. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $270,891.04 with respect to the quarter ending June 30, 1996.

399. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 398, above, in the amounts of $172,941.57 in accrued interest, $27,089.10 in failure to deposit penalties, and $54,178.21 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986, and reversed overpayment interest in the amount of $540.61.

400. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 398 and 399, above, is liable to the defendant for the unpaid balances thereof in the total amount of $517,333.28, plus additions thereto of penalties and interest accruing according to law.

COUNT XVII

401. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $634,465.07 with respect to the quarter ending September 30, 1996.

402. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 401, above, in the amounts of $380,951.65 in accrued interest, $63,446.51 in failure to deposit penalties, and $126,893.01 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986, and reversed overpayment interest in the amount of $18.30.

403. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 401 and 402, above, is liable to the defendant for the unpaid balances thereof in the total amount of $1,200,646.16, plus additions thereto of penalties and interest accruing according to law.

COUNT XVIII

404. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $697,776.26 with respect to the quarter ending December 31, 1996.

405. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 404, above, in the amounts of $390,869.69 in accrued interest, $69,777.63 in failure to deposit penalties, $139,555.25 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986, and $11,249.01 in failure to pay penalties.

406. Plaintiff, after application of payments, credits, and abatements made and applied with respect to the assessments alleged in paragraphs 404 and 405, above, is liable to the defendant for the unpaid balances thereof in the total amount of $969,138.28, plus additions thereto of penalties and interest accruing according to law.

COUNT XIX

407. On August 27, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $1,233,968.91 with respect to the calendar year 1992.

408. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 407, above, in the amounts of $1,538,077.13 in accrued interest, $123,396.89 in failure to deposit penalties, and $246,793.78 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

409. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 407 and 408, above, is liable to the defendant for the unpaid balances thereof in the total amount of $3,128,112.61, plus additions thereto of penalties and interest accruing according to law.

COUNT XX

410. On August 27, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $1,331,824.66 with respect to calendar year 1993.

411. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 410, above, in the amounts of $1,439,792.50 in accrued interest, $133,182.47 in failure to deposit penalties, and $266,364.93 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

412. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 410 and 411, above, is liable to the defendant for the unpaid balances thereof in the total amount of $3,157,330.78, plus additions thereto of penalties and interest accruing according to law.

COUNT XXI

413. On August 27, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $1,560,170.23 with respect to calendar year 1994.

414. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the foregoing FUTA assessment alleged in paragraph 413, above, in the amounts of $1,415,491.51 in accrued interest, $156,017.02 in failure to deposit penalties, and $312,034.05 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

415. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 413 and 414, above, is liable to the defendant for the unpaid balances thereof in the total amount of $3,436,354.43, plus additions thereto of penalties, accruing according to law.

COUNT XXII

416. On August 27, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $1,675,368.46 with respect to calendar year 1995.

417. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 416, above, in the amounts of $1,208,216.18 in accrued interest, $167,536.85 in failure to deposit penalties, and $335,073.69 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

418. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 416 and 417, above, is liable to the defendant for the unpaid balances thereof in the total amount of $3,378,343.61, plus additions thereto of penalties and interest accruing according to law.

COUNT XXIII

419. On August 27, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $2,288,778.54 with respect to calendar year 1996.

420. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the foregoing FUTA assessment alleged in paragraph 419, above, in the amounts of $1,282,093.14 in accrued interest, $228,877.85 in failure to deposit penalties, and $457,755.71 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

421. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 419 and 420, above, is liable to the defendant for the unpaid balances thereof in the total amount of $4,251,681.44, plus additions thereto of penalties and interest accruing according to law.

WHEREFORE, defendant prays that the complaint be dismissed with prejudice and that judgment be entered against plaintiff and in favor of the defendant upon defendant's counterclaim, in the total amount of $28,387,122.83, plus penalties and interest thereon according to law, and for such other and further relief as is just and proper.

Respectfully submitted,

s/David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Telephone: 202-616-3366
Facsimile: 202-514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY ABATE
Assistant Chief, Court of Federal Claims Section
s/Mary Abate
Of Counsel